UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
PRESENTENCE INVESTIGATION REPORT
OBJECTIONS

UNITED STATES OF AMERICA

VS.

LELAND ROBINSON

DOCKET NO: 0208 7:20CR00448-001 (KMK)

Prepared for: Honorable Kenneth M. Karas
Prepared for: Nichole Brown-morin USPO
Prepared for: Honorable Laura Taylor Swain
Prepared for: UNITED STATES Attorney General
Prepared for: INTER-AMERICAN COMMISSIONER
on Human Rights

1.

## INSTITUTIONAL ADJUSTMENT OBJECTION

Bureau of Prisons (BoP) records showed
that the defendant tickets that was given
by MDC officers for refusing a work assignment
and/or Program, Phone abuse and possessing an
unauthorized item has been dropped and
the defendant was never sanctioned by
DHO at MDC or Punishment.
Therefor MS Brown report is incorrect.

2.

## The offense conduct objections

On 10/24/19, at 1944 hours, NCPD was dispatched to the area of Oenoke Ridge and Lukes Wood Road. The suspicious person was said to be a black male wearing a black hoodie and black Jeans.

NCPD officers asked Leland if he could provide them with an I.D. at trial Leland demonstrated from officer Ceci bodycam that he was holding in his hand a Work I.D. and never lied to officers about his name and age.

However officers reported in there report logs that Leland stated he did not have one on him.

Due to his alleged statements and alleged failure to tell the truth, Mr. Robinson was advised that he was going to be charged with C.G.S. 53a-167a interfering with an officer/resisting.

3.

Officer Marzano met with the complainant
Weston stated that he was leaving to pick
up his daughter and noticed a black male
wearing dark clothes near the pillar of
his driveway.
Weston stated he honked the horn and
flashed his headlights at the male.
He stated the male then began walking towards
Lukeswood Rd. Leland was not identify by weston
as the person.
During an interview with officers alleged
victim-c confirmed he never met with Leland
and he stated he was only talking to the
person in a sexual nature because it was
to get the person to bring him a Juul.
Because officers asked about a text he
sent to the 6760 number on 10/23/19 at
8:33 pm which read: "Because i need your
dick tonight." See USAO_000271

Officer ceci, during her cross-examination
stated she could not confirm Leland was possessing
a phone with ending 6760 as well did not see
Leland delete any text messages or use a phone.
see trial transcript Page 125.

4.

Leland never lied to the alleged victim-c
about his age or told the alleged victim
he was in high school. The alleged victim-c
testified "he thought they was talking to a
person around 16 because snapchat put the
person on his quick add." see trial transcript
page 528.

The alleged victim-c testified "The person never
told him their name." see trial transcript page
534.

The alleged victim-c testified "he believed
the person lived in wilton but the person
never told him they lived their." see
trial transcript page 536.


The alleged victim-c could not make a positive
identification of Leland as the person he
communicated with or alleged engaged
in sexual acts with as well could not make a
in-court identification of Leland as the person he
alleged engaged with.
The alleged victim-c gave a description of
the clothing of the alleged person he met
and Leland did not fit that description.

5.

The alleged victim testified "the person had a
gray hoodie on attached to a coat. See
trial transcript page 545.
Leland was not wearing a gray hoodie attached
to a coat.
The alleged victim-c testified "never recieved
any assistance for any alleged incident as well
never made any reports to any hospitals that they
might have been tempted, or forced, as well
confirms between August 1, 2019 through october 24, 2019
never felt forced in any way. See trial transcript
Page 580.

The alleged victim-c confirms he lied to
Police and Parents multiple times. see
trial transcript Page 582.

During trial the alleged victim confirmed who he
met on october, 24, 2019 the alleged victim-c
testified "The 203-893-2190, Just to be clear,
Yes that's the person i thought was bringing
the Juul Establishing a Person named Adam
was the Person he was meeting with.
Leland was never found to use the number
203-893-2190 or go by the name adam.
See trial transcript Page 590.

6.

The Government has not provided evidence of
Leland creating or owning a snapchat account
through August 2019 to october 24, 2019 or
sending any form of communication through
snapchat.
The alleged victim-c had a screen shot
of the surfer emosi profile and there was
no content or activity linked to the
screen shot or Leland.
Leland objected to the evidence on grounds
of lack of Authentication snapchat never confirmed
the profile was real or linked to Leland.
No photographs or videos of any kind has been
found to link to snapchat or Leland.

The Government has not provided any
extrinsic evidence linking Leland to
the infoLeland@gmail.com account as well
google has not provided any information linking
Leland to the gmail or texting app.
The record is silent on online communications
within the southern district of New York and
else where.

7.

The record evidence establish Leland
never initiated any form of communication
or sexual acts against the alleged victim-c.
Therefore terminating the argument that
Leland engaged in a pattern of activity
involving prohibited sexual conduct
or is a repeat and dangerous sex offender
against minors.

The alleged victim-c initiated the snapchat
communications about illegal drugs. See
trial transcript page 527.
The alleged victim-c initiated all face time
communications. See Government EXHIBIT 501-2-R
The alleged victim-c initiated the imessages
communications and initiated communications in a
sexual nature on october 23, 2019. See
Government EXHIBIT 806.
The alleged victim-c confirmed at trial he
came up with the plan to get the person to his
house. Then voluntarily took the person back
to his alleged back yard. See trial transcript page
542.

8

The defendant never performed oral sex on
the alleged victim-c and never directed the victim
to reciprocate. The defendant never anally
penetrated the alleged victim-c.
The property owner never identified Leland as the
person on the property or reported seeing Leland
leaving his property. see USAO_000157

The alleged victim-c has impeachment evidence
Because he lied on the stand when he said
"the person looked 16 but later on admitted that
he never saw the person face.
The alleged victim-c testified "he was unable
to see the person face that night." see
trial transcript page 545.

Leland testified he never met the alleged victim-c
or sexually engaged with them as well
does not own the 6760 number or was on
anyone property on october 24, 2019.
The Government never objected or established
Rebuttal evidence to support Leland was
lying.

9.

The Government never found under age pornography on any device linked to Leland. The Government confirmed they could not confirm if the content was from any minors as well the content was alleged found in an icloud not on a device.

There was never multiple alleged victims or acts. The person k never testified Leland tried to have sex or send any form of nudes as well the person z never told the FBI Leland sent him nudes on snapchat or gave him drugs as well never identified Leland.

Therefore terminating the argument that Leland is a repeat offender.

10.

Leland's conduct viewed cumulatively, does not suggest a pattern of behavior of a dangours person against minors. There's no evidence Leland initiated any conduct or gave the alleged victim-c illegal drugs. Therefore terminating the argument of Leland being a dangours offender.

Leland did not seek out a minor to entice or persuade, the alleged victim-c initiated the conversation with the intent, in engaging in illegal sexual activity. By asking for illegal drugs.

The defendant objects to the base offense level. The guideline for a violation of 18 U.S.C. 2422 (b) is USSG 2G1.3. The offense does not involed causing, transporting, permitting, or offering or seeking by notice or advertisement, a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct 2G1.3(c)(1) does not applie and the base offense level is 28 under USSG 2G1.3.

11.

The defendant objects to the specific offense
characteristics: A two-level increase
is not warranted because the defendant
did not misidentified his identity to persuade,
induce, entice, coerce, or facilitate the
travel of, a minor to engage sexually
explicit conduct.

A two-level increase is not warranted
because the offense did not involved the
commission of a sexual act.

The defendant did not willfully obstructed
justice and never lied under oath, therefore
two levels are not added.

Adjustment offense level : 30

12.

The defendant objects to the chapter four
enhancement. of offense level 45.
The defendant never engaged in a pattern of
activity involving prohibited sexual conduct.
The defendant did not seek out a minor
to entice or persuade the alleged
victim-c initiated the conversation
with intent to engage in illegal sexual
activity by asking for illegal drugs.
Therefore, the defendant is not a repeat
and dangerous sex offender against minors.
Therefore it's not in the interest of Justice
for a offense level of 45.

The victims wrongful conduct contributed
significantly to provoking the offense behavior.
The court may reduce the sentence below
the guideline range to reflect the nature
and circumstances of the offense.
The danger actually presented to the
defendant by the victim. The alleged victim-c
seeked out, initiated contact in a illegal
nature and steering the conversation in a
sexual nature.

13.

The offense level is 30 with criminal history
1 with guideline from 97-121 meeting the
mandatory minimum of 120 months.

The defendant objects to sentencing options.
life is not in the interest of Justice.
Specially when the Government can not
by a preponderance of evidence demonstrate
the defendant being the initiater of the
communications.

## Mitigating circumstances

The conditions at the Metropolitan Correction center
(MCC) in Manhattan got so bad that, in August 2021,
after a single visit by the Deputy Attorney General,
the Department of Justice ordered the facility
shuttered. The defendant was placed at MCC
during the time and had no lights and
running water while on 24 hour lock down.

14

Meanwhile, the defendant is placed at MDC in Brooklyn and has experienced perpetual lockdowns (no longer explained by COVID-19), dreadful conditions, and lengthy delays in getting medical care. At least four inmates have died by suicide in the past three years.

S.D.N.Y. May, 5, 2020, ECF No. 90 (Judge Berman stating about the MDC "They are dirty. They are infested with drugs. You can get drugs and other contraband at the drop of a hat.") See also Noah Goldberg, Feds Launched Emergency Search for Gun at Brooklyn Federal Jail, N.Y. Daily News (Oct. 15, 2021) (A firearm was discovered on the 6th floor of the [MDC] and numerous contraband. The defendant was placed at MDC during the time a firearm was found and was placed in the same unit at the time.

15.

Just last year, two correctional officers at the MDC were arrested for accepting bribes to smuggle contraband into the facility. see Press Release, Dep't of Justice, Brooklyn Federal Correctional officers charged with Bribery (Apr. 18, 2023).

See United States v. Days, No. 19-CR-619 (CM) (S.D.N.Y. Apr. 29, 2021), ECF No. 35 ("It is the finding of this court that the conditions to which [the defendant was subjected are disgusting, inhuman as anything I've heard about any colombian prison, but more so because we're supposed to be better than that ... I think you've suffered triply as a result I am convinced that no good would be served by keeping you incarcerated for one minute more than I am required to do by law") (imposing a below-Guidelines sentences on account of the conditions of the MDC"

16

16.

The conditions at the MDC are dreadful in many respects. First inmates at the MDC spend an inordinate amount of time on "lock down" that is, locked in their cells, prohibited from leaving for visits, calls, showers, classes, or exercise.

Solitary confinement is "psychologically painful, can be traumatic and harmful, and puts many of those who have been subjected to it at risk of long-term damage").

Finally, the MDC's physical conditions have long been problematic. See generally order, United States v. Espiral, No. 11-CR-537 (JMA) (CLP) (E.D.N.Y. Oct. 17, 2016), ECF No. 39 (collecting "letters relating to the conditions at the Metropolitan Detention Center," which reported visible mold on walls and ceilings, contaminated drinking water, vermin infestation, mouse droppings falling through HVAC vents, and roaches and flies in showers).

17.

In 2021, the MDC carried out "planned maintence"
on the electrical system by enforcing a lockdown
"over the course of four nights" with no power and
water. Federal Defenders of NY, INC. v. Federal Bureau
of Prisons, No. 19-CV-660 (MKB) (E.D.N.Y. oct.
15, 2021) During this time, inmates' toilets were
reportedly "overflowing because ... officers did
not come by with buckets of water," and
inmates "were sitting with water on the cell of their
floor in the dark with feces on it."
The defendant was at MDC during the time of
the planned blackout with no water.
The toilet was overflowing the whole time
during the four days without power.
It has gotten to the point that it is routine
for Judges in both districts to give reduced
sentences to defendants based on the
conditions of confinement in the MDC.
Prosecutors no longer even put up a fight,
let alone dispute that the state of affairs is
unacceptable.
Based on these circumstances the defendant
should be sentenced to the manditory minimum.

19.

Respectfully submitted by my hand, with a sound mind.
I am: of
Leland Robinson
All Rights Reserved

C.C.
Honorable Laura Taylor Swain
INTER-AMERICAN COMMISSIONER on Human Rights
UNITED STATES Attorney General
Nichole Brown-morin USPO

1/21/24

Leland Robinson #35288-057
MDC Brooklyn
80 29th Street
Brooklyn, NY 11232

HONORABLE KENNETH M. KARAS
JUDGE KARAS
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF NEW YORK
300 QUARROPAS STREET
WHITE PLAINS, NY 10601

